IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
U.S. Magistrate Judge S. Kato Crews

Civil Action No. 1:18-cv-01619-SKC

LAURA CANDOW,

        Plaintiff,

v.

COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,

        Defendant.

## OPINION AND ORDER

This action is before the Court pursuant to Titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401-33 and 1381-83(c), for review of the Commissioner of Social Security's final decision denying Laura Candow's application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").

On September 6, 2018, the parties consented to the magistrate judge's jurisdiction to "conduct all proceedings in this civil action, including trial, and to order the entry of a final judgment." [#13.][1] Accordingly, the case was referred to this Court on December 13, 2018. [#21.] The Court has carefully considered the Complaint [#1], Plaintiff's Opening Brief [#18], Defendant's Response Brief [#19], Plaintiff's Reply [#20], the entire case file, the Social Security Administrative Record ("AR"), and applicable law. For the following reasons, the Court REMANDS the Commissioner's decision for further proceedings.

---

[1] The Court uses "[#__]" to refer to specific docket entries in CM/ECF. The Court uses "[AR at ___]" to refer to entries from the Administrative Record.

## A. BACKGROUND

On August 28, 2015, and January 28, 2016, Plaintiff Laura F. Candow filed an application for DIB and SSI, respectively, alleging a disability onset date of August 20, 2015. [AR at 195, 197.] Plaintiff alleged her ability to work was limited by a severe lower and upper back injury and pain, arm and shoulder problems, post-traumatic stress disorder, and depression. [*Id.* at 219.] Plaintiff was born on June 25, 1970, and was 45 years old on the date of her alleged disability onset. [*Id.* at 21.] She graduated from high school, obtained a two-year associates degree, and has previous work experience as a babysitter, custodial cleaner, administrative assistant, and accounts payable clerk. [*Id.*]

After her initial application was denied, Plaintiff requested a hearing (at which she was represented by counsel), which was held on November 27, 2017, before Administrative Law Judge Kurt D. Schuman ("ALJ"). [*Id.* at 42-92, 126-27.] During the hearing, Dr. Joseph Carver testified as a psychological expert. [*Id.* at 72-82.] Dr. Carver testified that the record he reviewed was primarily a medical record and noted it contained "very little in the way of mental health examination, or identification of consistent symptoms." [*Id.* at 74.] In addition, in response to counsel's questions, Dr. Carver acknowledged Plaintiff's symptoms could exist but simply not be present in the record due to the lack of mental health records. [*Id.* at 80.]

Following the ALJ's decision denying her petition, Plaintiff requested review by the Appeals Council and submitted additional evidence regarding her mental health. [*Id.* at 34-41, 194.] The Appeals Council denied her request on June 6, 2018, and did not consider the additional evidence because, according to the Appeals Council, it was not

2

related to the covered period. In doing so, the Appeals Council found Plaintiff's additional evidence was not relevant to whether she was disabled on or before February 12, 2018. [*Id.* at 1-4.] The decision of the ALJ then became the final decision of the Commissioner. 20 C.F.R. § 404.981; *Nelson v. Sullivan*, 992 F.2d 1118, 1119 (10th Cir. 1993) (citation omitted). Plaintiff filed this action on June 27, 2018. [#1.] The Court has jurisdiction to review the final decision of the Commissioner. 42 U.S.C. § 405(g).

## B. DISABILITY FRAMEWORK

A person is disabled within the meaning of the Social Security Act "only if his physical and/or mental impairments preclude him from performing both his previous work and any other 'substantial gainful work which exists in the national economy.'" *Wilson v. Astrue*, No. 10-cv-00675-REB, 2011 WL 97234, at *1 (D. Colo. Jan. 12, 2011) (quoting 42 U.S.C. § 423(d)(2).) "The mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act. To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months." *Id.* "[F]inding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can hold whatever job he finds for a significant period of time." *Fritz v. Colvin*, 15–cv–00230–JLK, 2017 WL 219327, at *8 (D. Colo. Jan. 18, 2017) (emphasis original, quoting *Washington v. Shalala*, 37 F.3d 1437, 1442 (10th Cir. 1994)).

The Social Security Regulations outline a five-step process to determine whether a claimant is disabled:

3

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*Wilson*, 2011 WL 97234, at *2 (citing 20 C.F.R. § 404.1520(b)–(f)); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). Impairments that meet a "listing" under the Commissioner's regulations (20 C.F.R. § Pts. 404 and 416, Subpt. P, App. 1) and a duration requirement are deemed disabling at step three with no need to proceed further in the five-step analysis. 20 C.F.R. § 404.1520(a)(4) ("If we can find that you are disabled or not disabled at a step, we make our determination or decision and we do not go on to the next step").[2] Between the third and fourth steps, the ALJ must assess the claimant's residual functional capacity ("RFC"). *Id.* § 404.1520(e). The claimant has the burden of proof in steps one through four. The Commissioner bears the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

---

[2] Throughout this opinion, while the Court may cite to relevant sections of Part 404 of Title 20 of the Code of Federal Regulations, which contain the Commissioner's regulations relating to disability insurance benefits, identical, parallel regulations can be found in Part 416 of that same title, relating to supplemental security income benefits.

On February 12, 2018, the ALJ issued his decision denying benefits. [AR at 8-28.] The ALJ's opinion followed the five-step process outlined in the Social Security regulations. At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since August 20, 2015. [*Id.* at 13.] At step two, the ALJ found Plaintiff had the following severe impairments: bilateral shoulder rotator cuff tears and obesity. In addition, the ALJ specifically concluded Plaintiff's depression and anxiety considered individually and in combination did not cause more than a minimal limitation in Plaintiff's abilities. In so finding, the ALJ cited Dr. Carver's observations regarding the dearth of evidence of consistent symptoms or mental health examinations. [*Id.* at 13-15.] At step three, the ALJ found Plaintiff did not have an impairment that met or medically equaled a listed impairment. [*Id.* at 15-16.]

He then found Plaintiff had a residual functional capacity ("RFC")

to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally push or pull, bilaterally, with her upper extremities, and is further limited to frequent reaching, bilaterally. She is further limited to occasional, bilateral, overhead, and behind the back reaching. She is further limited in that she must never be required to climb ladders, ropes, or scaffolds. She is able to frequently climb ramps and stairs, and balance. She can occasionally stoop and crawl, and can frequently crouch, and kneel. She is further limited in that she must avoid even occasional use of moving [sic] and/or dangerous machinery and even occasional exposure to unprotected heights. She is further limited to work in a low stress job that is defined as not requiring her to cope with work-related circumstances that could be dangerous to herself or others. She is able to maintain sufficient attention and concentration for extended periods of two-hour segments during a normal workday with normal breaks, but only in work that consists of only simple, routine, repetitive tasks.

[*Id.* at 16.]

At step four, the ALJ concluded Plaintiff was unable to perform any of her past relevant work. [*Id.* at 21.] However, the ALJ also concluded there were other jobs in the

5

economy Plaintiff could perform, including storage facility rental clerk, information clerk, or furniture rental consultant. [*Id.* at 22.] Because there was a significant number of jobs Plaintiff could perform, the ALJ found she did not meet the definition of "disabled" for purposes of the Social Security Act. [*Id.*] Accordingly, Plaintiff's applications for SSI and DIB were denied.

## C. STANDARD OF REVIEW

In reviewing the Commissioner's final decision, the Court is limited to determining whether the decision adheres to applicable legal standards and is supported by substantial evidence in the record as a whole. *Berna v. Chater*, 101 F.3d 631, 632 (10th Cir. 1996) (citation omitted); *Angel v. Barnhart,* 329 F.3d 1208, 1209 (10th Cir. 2003). The Court may not reverse an ALJ simply because it may have reached a different result based on the record; the question instead is whether there is substantial evidence showing that the ALJ was justified in their decision. *See Ellison v. Sullivan,* 929 F.2d 534, 536 (10th Cir. 1990).

"Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue,* 515 F.3d 1067, 1070 (10th Cir. 2007) (internal citation omitted). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan,* 966 F.2d 1371, 1374 (10th Cir. 1992) (internal citation omitted). The Court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty,* 515 F.3d at 1070 (internal citation omitted). Nevertheless, "if the ALJ failed

to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir. 1993) (internal citation omitted).

## D. ANALYSIS

Plaintiff makes several arguments on appeal. One of those arguments — the Appeals Council erred in its assessment of additional evidence — is sufficient on its own to warrant reversal. Therefore, the Court declines to address the remaining contentions as they may be impacted on remand. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the [administrative law judge's] treatment of the case on remand.").

The submission of new evidence in the context of an application for DIB benefits is governed by 20 C.F.R. § 404.970. It states the Appeals Council will consider additional evidence "that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." *Id.* at § 404.970(a)(5). If the Appeals Council determines the newly submitted evidence is not new, material, or temporally relevant and, therefore, declines to consider it, that determination is reviewed *de novo*. *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004) (citation omitted). "If the evidence does not qualify, it plays no further role in judicial review of the Commissioner's decision." *Id.* (citation omitted); *see also Lawson v. Chater*, 83 F.3d 432, at *2 (10th Cir. Apr. 23, 1996) (unpublished) ("Evidence is new within the meaning of 20 C.F.R. 404.970(b) if it is not duplicative or cumulative" and "Evidence is material to the determination of disability if there is a reasonable possibility that [it] would have changed the outcome").

7

Plaintiff submitted a Mental Medical Source Statement from Messina Michalsky, PMHNP,[3] dated March 28, 2018. In this statement, NP Michalsky identified Plaintiff's mental health symptoms, assessed her mental abilities and aptitudes, and concluded Plaintiff's limitations and treatment would cause her to miss work more than four days per month. [AR at 34-39.] For the reasons described below, the Appeals Council erroneously concluded the additional evidence did not relate to the covered period because it believed the source statement to cover only the period March 22, 2018 through March 28, 2018.

Defendant contends that notwithstanding the Appeals Council's consideration of this truncated time frame, nothing in the source statement suggests it is retrospective in nature, and therefore, there was no error. [#19 at p.15.] This, however, is a cramped reading of the evidence. Although NP Michalsky's source statement is dated March 28, 2018, the statement also indicates her treating relationship with Plaintiff began in October 2017, which falls within the covered period. [AR at 34.] Further, in the statement, NP Michalsky lists the medications Plaintiff has been taking, the side effects of those medications, and the efficacy of these drugs in managing Plaintiff's mood disorders. The discussion of Plaintiff's continued use of medicines suggests the statements regarding Plaintiff's condition relate to the time period predating the ALJ's order. Thus, the statement does appear to encompass the time period from Plaintiff's appointment in October 2017 to March 2018 as opposed to merely the six days between Plaintiff's March follow-up and the date NP Michalsky authored the Mental Medical Source Statement. [AR at 34.]

---

[3] NP Michalsky is a psychiatric-mental health nurse practitioner.

Defendant, citing *Vallejo v. Berryhill*, 849 F.3d 951, 955-56 (10th Cir. 2017), argues the Appeals Council was not required to weigh this newly submitted evidence or make factual findings. Defendant's reliance is misplaced. In *Vallejo*, the Tenth Circuit concluded "nothing in the statutes or regulations requires [an express analysis] where new evidence is submitted and the Appeals Council denies review." *Id.* at 955 (citation and internal punctuation omitted). The Circuit went on to note the Appeals Council is only required to, at minimum, consider the evidence and state that it has done so. *Id.* Here, however, the Appeals Council did not consider the evidence because it believed the evidence to be outside the covered period. Thus, this case is distinguishable from *Vallejo*.

As the Court understands it, Defendant also argues any error would be harmless because NP Michalsky is not a treating source and because her opinions were extreme and inconsistent with the record evidence. [#19 at 15-16.] First, Defendant has cited no law, regulatory or otherwise, for the proposition that only new evidence from treating sources can be considered material. To be sure, non-treating sources are, nevertheless, evaluated by applying the same factors generally used to assess treating source opinions. Social Security Ruling 06-03p, 2006 WL 2329939 at *4 (SSA Aug. 9, 2006); 20 C.F.R. §§ 404.1527(c)(2)-(6) & 416.927(c)(2)-(6). Furthermore, opinions from medical sources, "who are not technically deemed 'acceptable medical sources' under [the] rules, are important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." Social Security Ruling 06-03p, 2006 WL 2329939 at *3 (SSA Aug. 9, 2006).

Here, the ALJ agreed Plaintiff has determinable impairments of depression and anxiety, but he also noted there were insufficient records to establish more than a minimal

9

limitation. NP Michalsky is a mental health professional who offered some evidence and insight as to the severity of Plaintiff's impairments; thus, her Medical Source Statement is directly relevant to the ALJ's determination and should be given consideration.[4]

Finally, the Court declines Defendant's invitation to engage in a post hoc effort to salvage the Commissioner's decision. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004) (internal quotation marks omitted). Rather, the Court must evaluate the determination "based solely on the reasons stated in the decision." *Id.* Here, the Appeals Council did not consider the additional evidence based on the conclusion that it covered only the time period of March 22, 2018 to March 28, 2018. On its face, the Medical Source Statement appears to encompass the length of the Plaintiff's treating relationship with NP Michalsky (from October 2017 through March 2018), and therefore, is relevant (at least in part) to the covered time period. This Court will not "overstep [its] institutional role and usurp essential functions committed in the first instance to the administrative process." *Robinson*, 366 F.3d at 1084-85. The case must be remanded to the ALJ for, at minimum, consideration of the new evidence.[5] *See Taylor v. Commissioner of Social Security Admin.*, 659 F.3d 1228 (9th Cir. 2011) (where the Appeals Council erroneously concluded the new evidence was not relevant to the covered time period,

---

[4] In making these observations, the Court makes no conclusions as to what weight NP Michalsky's statement should be given, if any. Nor does this Court make any recommendation as to whether a consultative examination is necessary. The ALJ has broad latitude in ordering consultative examinations, *Hawkins v. Chater*, 113 F.3d 1162, 1166 (10th Cir. 1997) (citing *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 778 (10th Cir. 1990)), and can make that determination based on his assessment of whether this additional evidence necessitates further investigation.

[5] By this decision, the Court is neither finding nor implying that the Appeals Council should grant Plaintiff's request to review the ALJ's findings and conclusions.

"remand to the ALJ is appropriate so [] the ALJ can reconsider its decision in light of the additional evidence").

## CONCLUSION

For the reasons set forth above, the Commissioner's decision is REMANDED for further proceedings consistent with this opinion. Plaintiff is awarded her costs, to be taxed by the Clerk of Court pursuant to Fed. R. Civ. P. 54(d)(1).

DATED: September 29, 2020.

BY THE COURT:

S. Kato Crews
U.S. Magistrate Judge

11